UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT
CRIMINAL ACTION NO. 3:17-CR-1-GFVT

*ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                        PLAINTIFF

vs.  **SENTENCING MEMORANDUM
DEFENDANT, MATTHEW FOSSON'S, OBJECTIONS
TO THE PRE-SENTENCE INVESTIGATION
REPORT (PSR) AND POSITIONS REGARDING SENTENCING**

MATTHEW CRAIG FOSSON                                        DEFENDANT

---

COMES NOW, the Defendant herein, MATTHEW FOSSON (hereinafter "Fosson"), by and through the undersigned counsel, and pursuant to Fed. R. Crim. P. 32(i)(3) and 18 U.S.C. §3553(a), to seek correction of the erroneous calculations in portions of his Pre-Sentence Investigation Report (PSR) and to provide the Court with relevant information to consider in determining a sentence that is not greater than necessary to achieve the goals of sentencing under §3553(a)(2). In support, the Defendant states as follows:

1.      As an initial matter, Fosson submits that he pleaded guilty to the instant offense, and stands before this Court accepting of its punishment. In making these objections, Fosson in no way minimizes his conduct, as he recognizes that his crimes are serious and require punishment from this Court. Fosson recognizes the harm he has brought to society, and his daughter, through his activity, and to the other victims identified in the PSR and he humbly asks this Court for forgiveness. Fosson merely wishes to be sentenced on the basis of accurate information and to provide relevant information for the Court to use in fashioning a sentence no

greater than necessary to effectuate the goals of sentencing under 18 U.S.C. §3553(a)(2).

2.  Fosson has previously admitted that he produced child pornography in violation of 18 U.S.C. § 2251(a), i.e. he took pictures/videos of his minor daughter, age 5 who was nude, and transmitted them via his cell phone to Patrick Reachard, a male in Pennsylvania.

3.  Pursuant to the May 3, 2017 Plea Agreement (DKT #24), the parties recommended that certain sentencing guidelines apply. See Numerical Paragraph 5 of the Plea Agreement. Neither the Government nor the Defendant anticipated that there would be the five (5) point enhancement under U.S.S.G. § 4B1.5(b)(1). This enhancement was not anticipated by the Government and the Defendant and this enhancement was not contained in the recommendations of the applicable sentencing guidelines contained in the Plea Agreement negotiated and entered into by the parties.

4. The parties made several recommendations in Numerical Paragraph 5 of the Plea Agreement. The Plea Agreement provided that the Defendant's total adjusted offense level would be a level 41 (as opposed to an offense level of 46). The guideline range for the adjusted offense level of 41 and a criminal history category of 1 is 324 months to 405 months. The guideline range for an offense level of 46 and a criminal history category of 1 is life. However, the maximum term of imprisonment pursuant to 18 U.S.C. § 2251(e) is 30 years (the minimum term of imprisonment is 15 years).

5. The primary victim in this case is the Defendant's one minor child, his daughter. His daughter was under the age of ten (10) years when the Defendant "filmed" her with his cell phone. There are five videos of short duration (several seconds). The minor child is unclothed in four of the videos, in the fifth video she is unclothed, but under water with only her head visible.

See Numerical Paragraph 5 of the PSR. Fosson is somewhat of a film buff and his computer hard drive and phone contained literally thousands of photos of his daughter fully clothed (normal photos). In the subject <u>videos</u>, he clearly crossed the line.

6. The Defendant submits that a downward variance in this case is appropriate. The undersigned counsel always intended to request a downward variance even if the Court had accepted what the parties had bargained for in the negotiated Plea Agreement without the enhancements that were added on by the Probation Office in the PSR.

Although this must certainly sound like a broken record to the Court coming from the undersigned, this is one of the saddest cases the undersigned counsel has ever been associated with. This Defendant will receive a lengthy sentence no matter what the Court does – whether it sentences him pursuant to the guidelines negotiated by the parties in the Plea Agreement or whether it sentences him and includes the enhancements recommended by the Probation Office. The maximum sentence that the Court can give Fosson is 30 thirty years, as that is the statutory maximum under 18 U.S.C. §2251(e).

Prior to his involvement in the instance offense, Fosson, by all accounts, had led a normal and productive life. Although the undersigned filed many objections to the PSR that did not affect the guideline calculations, the report was written in such a way as to mischaracterize what was said, specifically by Beth Fosson, to the retired FBI agent, and to portray Fosson in a more unfavorable light than the scrivener felt necessary It appeared to this scrivener that the report was written in such a way as to unduly influence the Court to sentence Fosson to the statutory maximum and be done with it.

Despite the facts of this case (and they are facts as opposed to mere allegations since

Fosson pleaded guilty pursuant to the plea agreement), Fosson does have many redeeming qualities.

- While there are literally thousands upon thousands of photos of Fosson's minor daughter, these photos are photos that a normal person/ father would take and they are of his minor daughter fully clothed and not in any suggestive poses.

- Beth Fosson clarified in her conversation with the FBI agent that the reason she and Fosson pulled their daughter out of daycare was because she was being left unattended at the daycare, debunking the retired FBI agent's belief that Fosson wanted his daughter at home with him because he was grooming her. Beth Fosson also commented on the amount of money a daycare costs and that the Fossons saved by having Fosson look after his daughter at home while he worked from a home office.

- There are five videos of short duration of his minor daughter, four of which she is in lascivious poses.

- Although Fosson produced the five videos, he only distributed these five videos to one person/ namely Patrick Reachard; they were not distributed across the internet to several people (what Patrick Reachard did with them ,this scrivener does not know, but there has been no indication from the United States that they were distributed to other people by Patrick Reachard).

- Fosson has stated on several occasions that he downloaded the images that were found on his cellphone the day before he was arrested, which would indicate that he was not actively distributing these photos. There is nothing in the United States

Discovery that indicates that Fosson was distributing these photos - only the five (5) videos of his daughter to Patrick Reachard.

- According to Beth Fosson, the Fosson's daughter' pediatrician, Dr. Robert Blair, has not found any indications of sexual abuse against the Fosson's minor daughter. Dr. Blair's medical records of the Fossons' minor daughter have been requested and hopefully will be provided (under seal) prior to the hearing.

- Beth Fosson and her parents, the Otworths, have written letters to the Court in support of Fosson, despite the fact that Fosson has pleaded guilty to the production and distribution of child pornography, involving her daughter and the Otworth's granddaughter.

- Fosson's family have stood behind him and been supportive of him in spite of his actions.

- Fosson often went the extra mile to help clients (see letter from Kathy Wolfe).

- Fosson stepped up to the plate and pleaded guilty in a timely fashion and is prepared to take his medicine, unlike Patrick Reachard, who pleaded not-guilty to basically the same charge in the Middle District of Pennsylvania and is presently scheduled for trial commencing on November 6, 2017.

- Matthew Fosson voluntarily undertook a polygraph prior to the undersigned being appointed to represent him. The retired FBI agent's case notes reflect that Fosson admitted that he had had sexual fantasies about children but that he had never acted on them. She also noted that there was "No deception indicated " in his responses.

When imposing as sentence, the Court is required to consider the factor set forth in 18 U.S.C. § 3553(a). There is no doubt that the nature and circumstances of the offense are horrible. However the history and characteristics of the defendant, Matt Fosson, have not been horrible until this instant offense in 2016. By all accounts available to this scrivener and the Court, Fosson has led an honorable life, working hard at his job and rising to the level of a supervisor over many other employees at his company. Furthermore, Fosson is a Criminal History Category of I.

This is not a production case whereby the Defendant has a studio where he actively PRODUCES several videos/photos with several minor victims. Albeit, one victim is enough. However, the Court should recognize degrees of culpability.

This is also not your typical distribution case. The only evidence in the US discovery is that Fosson distributed 5 videos to one person, Patrick Reachard. We do not know who Patrick Reachard may have distributed these five videos to, if anybody. To state otherwise would be mere speculation.

Finally, (and thank the lord), there is no indication that Fosson actually sexually abused his minor daughter. No decision has been made at this date as to whether to place the minor daughter into counseling because given her condition (she is autistic), the medical professionals do not yet know whether she will remember the episodes.

Congress has mandated and the sentencing commission has promulgated large penalties for defendants who commit this type of conduct. This was no doubt done to provide just punishment for offenses of this type, because congress and the sentencing commission felt this abhorrent type of conduct needed to be punished. Fosson is aware that whatever sentence the

Court imposes, it will be a lengthy sentence. Any sentence of 20 years or more arguably would afford adequate deterrence to criminal conduct of this nature. Furthermore, such a sentence would protect the public from further crimes of a defendant who is now 40 years of age.

It is for this reason that Fosson moves the Court for a downward variance to a sentence of 20 years. Should the Court grant the downward variance, Fosson would be released, after receiving good time credit, in approximately 17 years, or at the age of 57. Any sentence 20 years or greater is virtually a life sentence to Fosson's parents due to their age.  However, a sentence of 20 years would give Fosson hope that he would have an opportunity to live out his old age outside of prison and in the loving embrace of his family who, despite his conduct, love him very much.

Respectfully Submitted,

/s/ C. William Swinford, Jr.
C. William Swinford, Jr.
271 West Short Street, Suite 505
Lexington, Kentucky 40507
Tel:   (859) 233-1786
Fax:   (859) 231-0691
Email: cwswinford@windstream.net
*Counsel for Defendant, Matthew Fosson*

## CERTIFICATE OF SERVICE

This is to certify that on October 2, 2017, a true copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system.

AUSA David Marye
260 West Vine Street, Suite 300
Lexington, Kentucky 40507

/s/ C. William Swinford, Jr.
C. William Swinford, Jr.
*Counsel for the Defendant*
*Matthew Fosson*